UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZACHARY HOOPER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company, and DOES 1-10, inclusive,<br><br>Defendants. | No. 2:24-CV-00056<br><br>**NOTICE OF REMOVAL** |

**TO: THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Amazon.com Services LLC ("Amazon") removes this action to this Court from the Superior Court of the State of Washington for King County, filed as Case No. 23-2-24124-0 SEA. In support of this Notice of Removal, Amazon states:

**I.    STATE COURT ACTION**

1.    On December 6, 2023, Plaintiff Zachary Hooper ("Plaintiff") commenced this action by filing a Class Action Complaint in the Superior Court of the State of Washington for King County, where it was assigned Case No. 23-2-24124-0 SEA ("State Court Action"). *See* Declaration of Andrew E. Moriarty in Support of Notice of Removal ("Moriarty Decl.") at Ex. A

NOTICE OF REMOVAL – 1
(No. 2:24-CV-00056)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165043237.1

1  ("Complaint").

2. With this Notice, Amazon files a true and correct copy of all process, pleadings, and orders either served on Amazon or filed in the State Court Action. *Id.* at Exs. A-F.

3. According to Plaintiff's Declaration of Service, Plaintiff served a copy of the Summons, Complaint, Order Setting Civil Case Schedule, and Case Information Cover Sheet and Area Designation on Amazon on December 12, 2023. *Id.* at Ex. F.

4. Amazon files this Notice of Removal on January 11, 2024. Therefore, the deadline for Amazon to remove the State Court Action has not expired since receipt by Amazon of the Summons and Complaint. *Id.* at ¶3.

5. Amazon has not voluntarily invoked or submitted to the jurisdiction of the Superior Court of the State of Washington for the County of King related to the above-captioned matter. *Id.* No further proceedings have been had in the state court as of the date of this Notice. *Id.* at ¶4.

## II.   PLAINTIFF'S CLASS ACTION ALLEGATIONS

6. Plaintiff purports to brings this action as a putative class action. Complaint at ¶1. Plaintiff seeks to represent "[a]ll employees of Defendant who worked from their residences within the Seattle, Washington city limits at least more than two hours during a two-week period and who used their home internet and/or personal cell or home phones to perform work-related duties in Seattle, Washington for Defendant at any time from three years prior to the filing of the Complaint [December 6, 2020] through February 28, 2022." *Id.* at ¶16.

7. Plaintiff asserts one claim against Amazon: alleged wage theft under Seattle Municipal Code § 14.20. *Id.* at ¶¶25-29. Plaintiff's wage theft theory is that, during the COVID-19 pandemic, Amazon required or encouraged Plaintiff and the putative class members to work remotely, causing such putative class members to incur "home office expenses," which Plaintiff alleges included home internet and mobile phone expenses. *Id.* at ¶¶12-15.

8. Plaintiff seeks a damages award for himself and the putative class of "approximately $50 per month" for the 15 months between December 2020 and February 2022.

NOTICE OF REMOVAL – 2
(No. 2:24-CV-00056)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165043237.1

*Id.* at ¶¶12, 16, 29, and Prayer For Relief at C. Plaintiff also seeks an attorneys' fees award. *Id.*

### III.   GROUNDS FOR REMOVAL

9.  Amazon removes this matter based on the Class Action Fairness Act of 2005 ("CAFA"). Under CAFA, a defendant may remove a putative class action if: (A) there are at least 100 putative class members; (B) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (C) there is minimal diversity of citizenship. *See* 28 U.S.C. §§ 1332(d)(2) and 1332(d)(5)(B).

10. Amazon denies Plaintiff's factual allegations and further denies that Plaintiff, or the class he purports to represent, is entitled to the requested damages. Amazon opposes class certification and the merits of Plaintiff's claim. For removal purposes, however, Plaintiff's allegations establish CAFA jurisdiction.

#### A.   There are at Least 100 Putative Class Members

11. Plaintiff alleges there are at least 40,000 putative class members. Complaint at ¶18.

12. Plaintiff's putative class definition exceeds 100 putative class members. McGuire Decl. at ¶3.

13. Amazon, therefore, satisfies CAFA's requirement to establish more than 100 putative class members.

#### B.   The Aggregate Amount in Controversy Exceeds $5 Million

##### 1.   Plaintiff's Damages Claim Exceeds $5 Million

14. To remove under CAFA, a removing party may aggregate the claims of the putative class to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The removing party bears the burden to establish the amount in controversy; there is no presumption against removal for cases removed under CAFA. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (explaining there is "no antiremoval presumption" in CAFA cases; Congress enacted CAFA to expand access to federal court); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("the defendant seeking

NOTICE OF REMOVAL – 3
(No. 2:24-CV-00056)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165043237.1

1  removal bears the burden to show by a preponderance of the evidence that the aggregate amount
2  in controversy exceeds $5 million when federal jurisdiction is challenged.").

3  15. "[A] defendant's notice of removal need include only a plausible allegation that the
4  amount in controversy exceeds the jurisdictional threshold." *Dart,* 574 U.S. at 89. A removing
5  party may rely on reasonable assumptions. *LaCross v. Knight Transp. Inc.,* 775 F.3d 1200, 1202
6  (9th Cir. 2015); *see also Salter v. Quality Carriers, Inc.,* 974 F.3d 959, 964 (9th Cir. 2020) ("[A]
7  removing defendant's notice of removal need not contain evidentiary submissions but only
8  plausible allegations of jurisdictional elements.") (quotations and citations omitted).

9  16. Here, Plaintiff seeks $50/month for reimbursement of alleged "home office
10 expenses" for each putative class member. Complaint at ¶12. To reach $5 million in such alleged
11 unpaid reimbursements, Amazon need only show that Plaintiff placed 100,001 months of allegedly
12 unpaid reimbursements in controversy (100,001 months*$50/month=$5,000,050).

13 17. According to Amazon data published on July 19, 2023, Amazon employed 55,000
14 tech and corporate employees in Seattle's urban campus. AboutAmazon.com,
15 https://www.aboutamazon.com/news/community/amazon-return-to-office-downtown-seattle-
16 revival (July 19, 2023). McGuire Decl. at ¶3.

17 18. Amazon reviewed its employee data to determine whether Plaintiff's putative class
18 placed more than 100,001 months of "home office expenses" in controversy. *Id.* To do so, Amazon
19 reviewed data indicating the headcount of Amazon's employees who worked for Amazon in
20 Seattle and, according to Amazon's business records, resided in Seattle, Washington at any point
21 between December 6, 2020, and February 28, 2022.

22 19. Amazon then narrowed this list to currently-employed putative class members who
23 Amazon hired prior to December 6, 2020 (therefore indicating putative class members who worked
24 for Amazon throughout the 15-month class period). *Id.* This narrower subset shows that, in
25 aggregate, there are greater than 100,001 months in controversy for this subset of employees who
26 worked for Amazon throughout the class period. *Id.* This is a conservative figure that does not

NOTICE OF REMOVAL – 4
(No. 2:24-CV-00056)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165043237.1

include former employees or current employees who worked only a portion of the class period. *See id.*

20. Thus, Plaintiff's wage theft claim places greater than $5 million controversy.

### 2. Plaintiff's Attorneys' Fees Requests Adds to the Amount in Controversy

21. Plaintiff requests an attorneys' fees award. Complaint at Prayer for Relief ¶C. Future attorneys' fees may be included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413 (9th Cir. 2018). For purposes of removal, the Ninth Circuit has held that a 25% recovery is the "benchmark" level for reasonable attorneys' fees in class action cases. *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998) *overruled in irrelevant part by Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011).

22. Plaintiff's request for attorneys' fees, therefore, places an additional $1,250,013 in controversy (25% of $5,000,050).

23. Plaintiff, therefore, places more than $5,000,000 in controversy, and Amazon satisfies CAFA's amount-in-controversy requirement.

### C. There is Minimal Diversity

24. CAFA's diversity requirement requires the removing party to show that one putative class member is a citizen of a different state than one defendant. *See* 28 U.S.C. § 1332(d)(2); *see also United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that CAFA broadens diversity jurisdiction for class actions by requiring only minimal diversity).

25. *Amazon's Citizenship*. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). For a limited liability company, it is a citizen of every state that its members are citizens. *See Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). A company's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

NOTICE OF REMOVAL – 5
(No. 2:24-CV-00056)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165043237.1

26. Here, Amazon.com Services LLC is a limited liability company formed under the laws of the State of Delaware with its principal place of business in the State of Washington. McGuire Declaration at ¶5. Amazon.com Services LLC's only member is Amazon.com Sales, Inc., which is wholly owned by Amazon.com, Inc. *Id.* Amazon.com Sales, Inc. and Amazon.com, Inc. are incorporated in Delaware, and each has its principal place of business in Seattle, Washington. *Id.* Under the *Hertz* test, each of the aforementioned entities maintain their "nerve center" in Washington; the high-level officers oversee each entity's activities from Washington.

27. Accordingly, Amazon.com Services LLC is a citizen of Delaware and Washington State.

28. <u>Diverse Citizenship of a Putative Class Member</u>. A person's citizenship is determined by their domicile. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is their permanent home where they intend to remain or return. *Id.* A person's residence is *prima facie* evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994).

29. Here, Amazon established that some putative class members currently reside in a state outside of Washington based on the personal knowledge of human resources personnel and Amazon's review of business records. McGuire Decl. at ¶4.

30. Therefore, at least one member of the putative class is a citizen of a different state from Amazon. As a result, diversity jurisdiction exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

### IV. ACTION REMOVABLE

31. Removal under 28 U.S.C. § 1441 is proper because this Court would have had original jurisdiction over Plaintiff's claims had Plaintiff initially filed the action in federal court.

32. Amazon is removing this action to the Seattle Division of this Court because Plaintiff alleges that his claims arose in King County. Complaint at ¶1. The Seattle Division of this Court "embrac[es] the place where [the state court] action is pending," and is therefore the

NOTICE OF REMOVAL – 6
(No. 2:24-CV-00056)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165043237.1

1  appropriate court for removal. 28 U.S.C. § 1441(a).

2  33. Amazon filed this Notice of Removal with the Court within thirty days after receipt
3  by Amazon of the Complaint, in accordance with 28 U.S.C. § 1446(b).

4  34. Amazon will promptly give written notice of the filing to Plaintiff and will promptly
5  file a copy of the Notice of Removal with the clerk of the state court in which the action is pending,
6  as required under 28 U.S.C. § 1446(d).

## V. PLEADINGS FILED

35. Amazon attached copies of all process, pleadings, and orders from the State Court Action to the Moriarty Declaration filed with this Notice of Removal.

Dated: January 11, 2024

By: *s/ Andrew E. Moriarty*
Andrew E. Moriarty, WSBA # 28651

By: *s/ Kyle D. Nelson*
Kyle D. Nelson, Bar No. 49981

By: *s/ Shannon McDermott*
Shannon McDermott, WSBA # 59455

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
AMoriarty@perkinscoie.com
KyleNelson@perkinscoie.com

**Attorneys for Amazon.com Services LLC**

NOTICE OF REMOVAL – 7
(No. 2:24-CV-00056)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165043237.1

**CERTIFICATE OF SERVICE / ATTORNEY LIST**

I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and served a true and correct copy of the foregoing document via the following:

| | |
|---|---|
| Craig J. Ackermann<br>Brian Denlinger<br>Avi Kreitenberg<br>Ackermann & Tilajef, P.C.<br>2602 North Proctor Street, Suite 205<br>Tacoma, WA 98406<br>cja@ackermanntilajef.com<br>bd@ackermanntilajef.com<br>ak@ackermanntilajef.com<br>Telephone: 253.625.7720<br>Facsimile: 253.276.0081 | ☐ Via Hand Delivery<br>☐ Via U.S. Mail, 1st Class, Postage Prepaid<br>☐ Via Overnight Delivery<br>☑ Via Email<br>☑ Via CM/ECF |

**Attorneys for Plaintiff**

Andrew E. Moriarty
Kyle D. Nelson
Shannon McDermott
Perkins Coie LLP
1201 Third Avenue, STE 4900
Seattle, WA 98101
amoriarty@perkinscoie.com
kylenelson@perkinscoie.com
smcdermott@perkinscoie.com
Telephone: 206.359.8000
Facsimile: 206.359.9000

**Attorneys for Defendant Amazon**

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED at Seattle, Washington, on January 11, 2024.

*s/ Andrew E. Moriarty*
Andrew E. Moriarty, WSBA #28651

CERTIFICATE OF SERVICE
(No. 2:24-CV-00056)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165043237.1